WHITEHEAD, *Appellant*, v. BEGLEY.

1. **Contract to Convey Land**: CONSTRUCTION. Where it was known from shafts already sunk that there was a deposit of iron ore in a tract of land which was of inferior quality and expensive to work, an agreement by the owner to give one an undivided half interest in the land "as soon as he may have successfully developed a deposit of iron ore or other mineral of sufficient value to warrant further development" does not entitle the party to a deed upon the development in another spot of a deposit of the same vein, lay, quantity and quality as that already developed.

2. ——— : ———. Such agreement should be interpreted in the light of the developments of ore previously made.

*Appeal from Iron Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Silver & Brown* with *Wm. Carter* for appellant.

(1) Plaintiff having faithfully and fully performed the conditions of the contract on his part, it became absolute and rests upon the same footing for all purposes as if it had been originally made, positively, and without reference to any contingency. Fry on Specific Performance [New Ed.] sec. 654, p. 386; *Laning v. Cole*, 3 Green's Ch. (N. J.) 229. (2) This was a contract with reference to mineral land, and damages at law would not be a complete remedy to the plaintiff, the land having a peculiar and special value, and equity will decree specific performance. 2 Story's Eq. Jurisp. [13 Ed.] pp. 32, 65, 66. (3) The contract was valid, unobjectionable in its nature, and in the circumstances connected with it, and capable of being enforced, and it is just and proper that it should be fulfilled, and it is as much the duty of a court of equity to decree its specific

performance, as for a court of law to give damages for the breach of it. . Waterman on Specific Performance, sec. 6. (4) The trial court erred in finding for the defendant and dismissing plaintiff's bill.

*J. W. Emerson* for respondent.

The principles and rules of equity controlling this case are too plain and fundamental to need citation of authorities. To know what the parties meant by their contract we must place ourselves in the position they occupied, and in possession of all the facts known to them, and know the situation and condition of the property as they knew them when they entered into the agreement. What would be "development" when applied to a virgin tract would be no "development" at all when applied to the tract in controversy. The weight of evidence is overwhelmingly against appellant in this case. The witnesses were before the trial court which could better judge of their standing, capacity and integrity than this court can, and its finding should not be disturbed.

BRACE, J.—On the tenth of March, 1882, the plaintiff and the defendant Begley entered into a written contract, by which said defendant agreed that the plaintiff might enter upon a certain tract of land of which he, the said Begley, was the owner, and prospect for iron ore, and other minerals thereon, until the tenth of March, 1883, and agreed to execute and deliver to plaintiff a sufficient deed of conveyance for the one undivided half thereof, "as soon as he may have successfully developed a deposit of iron ore, or other mineral, of sufficient value to warrant the further development," the said Whitehead to have no interest in said land, except to prospect as aforesaid, "unless such development be so made."

The plaintiff, in this action, seeks the specific performance of said contract, averring that he did, in good faith, develop, and cause to be developed, in said tract of land, a deposit of iron ore of great value, and of sufficient value to warrant its further development, nevertheless said defendant refuses to execute to him a deed for the undivided half thereof, but has agreed, in writing, to convey the same to his co-defendant, who had notice of plaintiff's contract. The only issue in the case is one of fact, on which the trial court found for the defendants, and dismissed the bill, and plaintiff appeals.

At the time this contract was made, it was well known to Whitehead and Begley that there was a deposit of iron ore in this land. Its existence had been developed already by three shafts, which, before that time, had been sunk upon the property. In these developments, it was further brought to light that, from the character of the ore, and its situation in the rock, the ore was of inferior quality, difficult and expensive to get out, and the mining of it unprofitable; hence the indications of such developments were that the property was not valuable as mining property. This contract must be read in the light of these facts. The hope of the parties was, evidently, that plaintiff's prospecting would develop a deposit of ore which, from its lay, quantity and quality, would demonstrate that the property was more valuable, as a mining property, than was indicated by previous developments. The undertaking of plaintiff, to make such a development, was the consideration of defendant Begley's promise to convey a half interest in the land. The result of plaintiff's prospecting was simply to develop, in another spot, a deposit of iron ore of the same vein, lay, quantity and quality, as had previously been brought to light by the sinking of the previous shafts, and, instead of thereby enhancing the value of the property,

as mining property, depreciated it, by confirming the conclusion resulting from previous developments, and to dissipate which this contract was made, *i. e.*, that there was not a deposit of iron ore in said land of sufficient value to warrant its further development. The plaintiff having failed to perform the condition upon which the deed was to be made, the judgment was for the right party, and is affirmed. All concur.